NO. 07-00-0026-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 7, 2001

_____

MITCHELL RAY RODGERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT NO. 4 OF DALLAS COUNTY;

NO. F93-43098-RK; HONORABLE J. ZIMMERMAN, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Appellant Mitchell Ray Rodgers pled guilty to the offense of burglary of a building and, on January 24, 1994, received deferred adjudication for ten years.  On September 24, 1999, a judgment was entered adjudicating guilt and sentencing appellant to confinement

of 20 years in the Institutional Division of the Department of Criminal Justice for violating the terms and conditions of his probation. Appellant filed a timely notice of appeal.

On February 10, 2000, we abated this appeal because we had received neither a clerk's or reporter's record nor appellant's brief. The trial court held a hearing and found that appellant still desired to pursue his appeal and his family had retained counsel. However, appellant was indigent and without funds to pay for a reporter's record, which was to be provided.

Since that time, we have received both a clerk's record and a reporter's record. However, we have still not received appellant's brief or a motion for extension of time to file that brief. Counsel was notified by letter dated December 11, 2000, that if no satisfactory response was received by December 21, 2000, the appeal would be abated to the trial court. We have not received a response to that notification.

This sequence of events necessitates that we call for a hearing required by Texas Rule of Appellate Procedure 38.8(b). Accordingly, this appeal is abated and the cause remanded to the Criminal District Court No. 4 of Dallas County. Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine:

1. Whether appellant has abandoned his appeal.

2. If appellant still desires to pursue his appeal, whether appellant's present attorney will diligently pursue the appeal. If not, the trial court will determine

2

if appellant is indigent and if the appointment of another attorney is necessary.

3. If appellant is not indigent, whether he has failed to make the necessary arrangements for prosecuting his appeal, and if he has not done so, what orders are necessary to ensure those arrangements are made.

4. If it be determined that another attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.

5. Whether appellant has been deprived of a diligent appeal by ineffective assistance of counsel or for any other reason.

6. If any other orders are necessary to ensure the diligent and proper pursuit of appellant's appeal.

In support of its determinations, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental reporter's record. Those supplemental records shall be submitted to the clerk of this court no later than March 7, 2001.

It is so ordered.

Per Curiam

Do not publish.